UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

      UNITED STATES OF AMERICA

               v.

      PHUONG PHYLLIS NGUYEN,

                    Defendant.

_____

**DECISION**
**and**
**ORDER**

**05-CR-0205E(F)**

APPEARANCES:         TERRANCE P. FLYNN
                         UNITED STATES ATTORNEY
                         Attorney for Government
                         MICHAEL DiGIACOMO
                         Assistant United States Attorney, of Counsel
                         Federal Centre
                         138 Delaware Avenue
                         Buffalo, New York 14202

                         LIPSITZ GREEN SCIME CAMBRIA LLP
                         Attorneys for Defendant
                         HERBERT L. GREENMAN, of Counsel
                         42 Delaware Avenue
                         Suite 300
                         Buffalo, New York 14202

## <u>JURISDICTION</u>

This case was referred to the undersigned by Honorable John T. Elfvin on August 25, 2005, for all pre-trial matters.  The matter is presently before the court on Defendant's omnibus motion seeking discovery and a bill of particulars (Doc. No. 14), filed December 12, 2005,[1] and the Government's motion seeking reciprocal discovery (Doc. No. 16).

_____

[1] Defendant's motion also contains requests for dispositive relief, which are addressed in a separate Report and Recommendation filed with this Decision and Order.

## BACKGROUND and FACTS[2]

Defendant Phuong Phyllis Nguyen ("Defendant" or "Nguyen"), a United States Citizen, was charged in a criminal complaint ("Complaint") (Doc. No. 1), dated April 21, 2005, with violating 31 U.S.C. §§ 5316(a)(1)(A) and 5332, and 18 U.S.C. § 1001, by knowingly, intentionally and unlawfully attempting to transport in excess of $10,000 into the United States from Canada without reporting such attempt and making false statements, based on an incident occurring at the Peace Bridge on April 20, 2005. Specifically, at 7:30 P.M., on April 20, 2005, Defendant, driving a rental vehicle owned by Hertz Corporation, attempted to cross from the United States into Canada at the Peace Bridge Port of Entry.  Defendant, however, was refused entry into Canada and was directed to return over the Peace Bridge to the United States.  Upon crossing back to the United States and entering the primary inspection area, Defendant was referred by United States Customs and Border Protection ("CBP") officers to the secondary inspection area for further examination.

During the secondary inspection, Defendant was issued and completed a United States Customs Form CF-6059B, customs declaration and currency reporting form ("the customs form") to complete, indicating that she was in possession of less than $ 10,000 United States currency.  Defendant also told the CBP officer who issued the form that Defendant was in possession of $300.  A search of Defendant's vehicle revealed $119,600 in United States currency under the vehicle's rear seat.  After the currency was found in Defendant's vehicle, a CBP officer prepared to pat down Defendant and

---

[2] The Facts statement is taken from the pleadings and motion papers filed in this action.

Defendant voluntarily removed a bundle of one hundred dollar bills from her waistband, but denied that any more currency was concealed on her person.  The pat-down of Defendant revealed two additional bundles of one hundred dollar bills in Defendant's back waistband, along with currency in Defendant's jacket pocket.  In total, $ 46,000 was concealed in Defendant's waistband and $ 489 in Defendant's jacket pockets.  All together, $ 166,089 in United States currency was found in Defendant's vehicle, waistband and jacket pockets.

At 10:21 P.M. on April 20, 2005, Defendant was advised of her *Miranda* rights by a United States Immigration and Customs Enforcement ("ICE") Special Agent, and gave both oral and written statements indicating she understood her rights.  Defendant then stated she was fully aware that she had more than $10,000 in her possession when she departed the United States for Canada, and that she intentionally made false statements to the CBP officers on the customs form.

On August 18, 2005, a two-count indictment ("the Indictment") (Doc. No. 19) was returned, charging Defendant with one count of knowingly, willfully and unlawfully transporting in excess of $ 10,000 in United States currently into the United States, in violation of 31 U.S.C. §§ 5316(a)(1), (b) and 5322 ("Count 1"), and knowingly, willfully and unlawfully concealing more than $ 10,000 in United States currency with the intent to evade a currency reporting requirement, in violation of 31 U.S.C. § 5332(a)(1) and (b)(1).

On December 12, 2005, Defendant filed the instant omnibus motion (Doc. No. 14) ("Defendant's Motion"), with the attached Affidavit of Herbert L. Greenman, Esq. ("Greenman Affidavit"), in support.  On December 30, 2005, the Government filed the

Government's Response to and in Opposition of the Defendant's Notice of Motion and Cross Notice of Motion for Disclosure (Doc. No. 16) ("Government's Response").  Oral argument on Defendant's Motion was initially scheduled for January 10, 2006, but, at Defendant's request, was adjourned several times.  At oral argument, held on February 20, 2007, the undersigned reserved decision on the pending requests.

Based on the following, Defendant's motion for discovery is GRANTED in part, DENIED in part and DISMISSED in part; the Government's request for reciprocal discovery is GRANTED.

## DISCUSSION

1.      ***Brady* Material**

Defendant seeks "immediate" pretrial disclosure of exculpatory *Brady* material pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) (hereinafter "*Brady*"), and its progeny.  Greenman Affidavit ¶¶ 6-14.  The Government maintains that it has provided Defendant with any information that may be construed as Brady material, even though the Government is not obligated to provide such material prior to trial.  Government's Response ¶¶ 24-25.  The Government further acknowledges its continuing duty to provide Defendant with any further discovered exculpatory and impeachment materials. *Id*. ¶ 16.

*Brady* and its progeny require the prosecution provide the defense with any evidence favorable to the accused where the evidence is material to guilt or punishment.  "Favorable evidence includes not only evidence that tends to exculpate the accused, but also evidence that is useful to impeach the credibility of a government

witness." *United States v. Coppa (In re United States)*, 267 F.3d 132, 139 (2d Cir. 2001) (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972) (holding the defense is entitled to pertinent evidence regarding a material witness's credibility or reliability, including evidence of any agreement or promises of leniency between the government and a government witness)). For example, the government's failure to reveal evidence of an understanding in return for testimony will violate due process. *United States v. Pfingst*, 477 F.2d 177 (2d Cir. 1973); *United States v. Feola*, 651 F.Supp. 1068, 1135 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (Table), *cert. denied*, 493 U.S. 834 (1989).

There is, however, no absolute right to pretrial discovery of *Brady* material. *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977). Rather, the prosecution must disclose such evidence "in a timely matter to assure a fair trial," and should not postpone the disclosure of *Brady* material until it is too late for effective use at trial. *Coppa*, *supra*, at 144 ("there is no *Brady* violation unless there is a reasonable probability that earlier disclosure of the evidence would have produced a different result at trial.").

Although *Brady* does not authorize a general right of pretrial discovery and primarily seeks to avoid unfair trials resulting from suppression of exculpatory material, courts nonetheless have ordered pretrial disclosure of *Brady* material. *United States v. Taylor*, 707 F.Supp. 696, 703  (S.D.N.Y. 1989) (ordering disclosure of *Brady* materials one week prior to trial, except that impeachment materials pertaining to government witnesses should be disclosed the day before that witness will take the stand); *United States v. Biaggi*, 675 F.Supp. 790 (S.D.N.Y. 1987) (disclosure of *Brady* materials at the

same time as disclosure of **Jencks Act** materials; *Feola*, *supra*, (disclosure thirty days prior to trial).  The Second Circuit has observed that the timing of disclosure of material under *Brady* depends "upon the anticipated remedy for a violation of the obligation to disclose: the prosecutor must disclose 'material' . . . exculpatory and impeachment information no later than the point in which a reasonable probability will exist that the outcome would have been different if an earlier disclosure had been made." *Coppa*, *supra*, at 142.  Linking the scope of *Brady*'s disclosure obligation to the remedy for its breach creates a burden for the prosecutor who must determine "the significance of the undisclosed evidence in light of the strength of all the evidence indicating guilt." *Id.* at 143.  As such, "a prosecutor 'anxious about tacking too close to the wind will disclose a favorable piece of evidence.'" *Id.* at 143 (quoting *Kyles v. Whitley*, 514 U.S. 419, 439 (1995)).

Given that the Government has indicated it has already disclosed all *Brady* exculpatory material in its possession, and intends to disclose any additional *Brady* material exculpatory later discovered, the Government is reminded of its duty to timely provide such information at the risk of depriving Defendant of due process of law, requiring a reversal of any conviction obtained.  Defendant's motion, insofar as it seeks disclosure of exculpatory material under *Brady* and its progeny, is DISMISSED as moot.

**2.     Informant Disclosure**

Defendant seeks disclosure of the identity of any informants who were present at the events leading to Defendant's arrest, possessing information that may be material to establishing Defendant's guilt or innocence, as well as any Government reports

6

containing information received from any informant.  Greenman Affidavit ¶¶ 15-26.  The

Government maintains that no informants were used in this case and, as such, no such

information as sought by Defendant exists.  Government's Response ¶ 27.

Accordingly, Defendant's request for disclosure of the identity of informants is

DISMISSED as moot.


3.      **Rules 403, 404(b) and 609 Evidence**

        Defendant makes discovery requests with respect to Federal Rules of Evidence

Rules 404(b) and 609, and also seeks to suppress pursuant to Rule 403 any evidence

for which the probative value is outweighed by the danger of unfair prejudice.

Greenman Affidavit ¶¶ 27-29 (Rules 403 and 404(b)), and 34 (Rule 609).  The

Government responds that, pursuant to Rule 404(b), it intends to introduce at trial

evidence of Defendant's criminal history, including all prior criminal conduct, acts or

wrongs, as permitted under Fed.R.Evid. 609, including to establish Defendant's motive,

opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or

accident, as well as to impeach Defendant should she testify at trial.  Government's

Response ¶ 28.  Additionally, the Government, pursuant to Rule 404(b), may use any

evidence that later develops of Defendant's prior involvement in the importation and

distribution of drugs or currency.  *Id*.  The Government further asserts that it insofar as it

will seek to introduce such evidence at trial, Defendant will be notified of such intention

and the particulars of such information when the Government files its pretrial

memorandum.  *Id*.  Finally, the Government maintains that issues pertaining to the

admissibility and use of such evidence at trial must await resolution by the trial judge at

the pretrial conference.  *Id*.

Fed. R. Evid. 404(b) provides that upon the request of the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial.   Pursuant to Fed. R. Evid. 609, advance notice is also required when a party intends to introduce evidence of a conviction more than ten years old,  *United States v. Livoti*, 8 F.Supp.2d 246, 250 (S.D.N.Y. 1998).  Further, before evidence of prior convictions may be admitted at trial, Rule 609(a)(1) directs the court to weigh its probative value against the prejudicial effect to the defendant.  Fed.R.Evid. 609(a)(1).  "To perform this balancing, the court must know the precise nature of the defendant's testimony which is unknowable when, as here, the defendant does not testify." *Luce v. United States*, 469 U.S. 38, 41 (1984)). Under Rule 609(a), whether a specific conviction is admissible for impeachment purposes is an evidentiary decision which must await trial.  *United States v. Weichert*, 783 F.2d 23, 25 (2d Cir. 1986) (citing *Luce, supra*, at 41).  As such, any decision on whether Rule 609 evidence is admissible must be submitted to the trial judge. *Weichert, supra*, at 25 (citing *Luce, supra*. at 41).

Fed.R.Evid. 403 provides that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed.R.Evid. 403.  The Government has acknowledged its duty to provide defendants with the "specific instances of other crimes, wrongs and acts under Federal Rules of Evidence 404(b), 608 and 609, which it may use as impeachment material." Government's Response ¶

8

28.  Accordingly, the Government is directed to provide 404(b) and 609 information **no later than thirty days prior to the commencement of trial**.  Any request for a hearing to determine admissibility of such evidence should be directed to the trial judge pursuant to an *in limine* motion prior to trial.  Fed.R.Evid. 104(c).

4.      **Rule 16 Discovery**

Defendant seeks discovery and inspection of various items pursuant to Fed. R. Crim. P. 16, as well as notice pursuant to Rule 12(b)(4) of the Government's intent to use such evidence.  Greenman Affidavit ¶¶ 30-34.  Among the items for which Defendant seeks such discovery and inspection are documents and tangible evidence, communications intercepted pursuant to Title III, evidence seized as a result of a search or seizure authorized by judicial or administrative warrants, any evidence pertaining to the identification of Defendant's person, reports of examinations and tests, and evidence constituting  **Jencks Act** material pursuant to 18 U.S.C. § 3500.  *Id*. ¶¶ 35-45.  The Government maintains it has complied with discovery pursuant to Rule 16, providing Defendant with "extensive" pretrial discovery, including photographs of Defendant's vehicle and seized money, the Defendant's birth certificate, 36 photocopies of miscellaneous receipts, cards and checks in Defendant's possession upon her arrest, Agent Scarpino's handwritten notes, and the Defendant's prior criminal record.  Government's Response ¶¶ 29-31.  The Government further maintains it is not in possession of any Title III intercepted communications, evidence seized as a result of a search or seizure authorized by judicial or administrative warrants, identification evidence, or reports of examinations or tests.  *Id*. ¶¶ 32-35.  The Government also

agrees to provide Defendant with all **Jencks Act** material, *i.e.*, statements made by various witnesses pertaining to the case, excluding any grand jury testimony, no later than two weeks prior to trial.  *Id*. ¶ 36.

Insofar as the Government has provided Defendant with the information requested pursuant to Rule 16, Defendant's motion is DISMISSED as moot.  Similarly, insofar as the Government has advised that the remaining information Defendant requests does not exist, Defendant's motion is DISMISSED as moot.


5.      **Bill of Particulars**

Defendant moves pursuant to Fed. R. Crim. P. 7(f) for a bill of particulars. Greenman Affidavit ¶ 46.  Specifically, Defendant seeks particularization as to (1) when Defendant possessed the matters to which the Indictment refers, and (2) the manner and means by which Defendant committed the acts set forth in the Indictment.  *Id*.  The Government argues in opposition that     The Government argues in opposition that sufficient details have already been provided by the Indictment, which is sufficiently detailed to permit Defendant to identify the nature of the charges against her such that further particularization is unnecessary.  Government's Response ¶¶ 37-41.

Under Fed.R.Crim.P. 7(f), the court is authorized to direct the filing of a bill of particulars as justice requires.  Whether to grant a request for particularization is within the sound discretion of the district court.  *United States v. Davidoff*, 845 F.2d 1151, 1154 (2d Cir. 1988).  A defendant may seek particularization to identify with sufficient particularity the nature of the charges against him, thereby enabling the defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy if he

should be prosecuted a second time for the same offense.  *Wong Tai v. United States*, 273 U.S. 77 (1927); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987); *United States v. Taylor*, 707 F.Supp. 696 (S.D.N.Y. 1989).  The decision as to whether to direct further particularization is within the discretion of the district court.  *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984).  If the discovery material sought by the defendant is provided in the indictment or in some acceptable alternate form, no bill of particulars is required.  *United States v. Barnes*, 158 F.3d 662, 665 (2d Cir. 1998) (citing *Bortnovsky, supra*).

The test as to whether to order particularization is "whether the information sought is necessary, not whether it is useful."  *United States v. Matos-Peralata*, 691 F.Supp. 780. 791 (S.D.N.Y. 1988).  Courts will not order particularization where the government has provided the information requested either "in the indictment or some acceptable alternative form."  *Bortnovsky, supra*, at 574; *Feola*, *supra*, at 1133.  A bill of particulars should only be required "where the charges in the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *Feola, supra*, at 1132.  Further, "[a]cquisition of evidentiary detail is not the function of the bill of particulars."  *United States v. Torres*, 901 F.2d 205, 234 (2d Cir.), *cert. denied*, 498 U.S. 906 (1990)(denying request for bill of particulars identifying unindicted alleged co-conspirators referred to in indictment as 'known and unknown' on the basis that such information was unnecessary to advise defendants of the specific acts of which they were accused).  As a bill of particulars limits the government's proof at trial, a request should not be granted where the result would be to unduly restrict the government's ability to present its case.  *United States v. Massino*, 605 F.Supp. 1565

11

(S.D.N.Y. 1985).

In the instant case, Defendant fails to specify any need for the particularization requests, as is her burden.  *United States v. Payden*, 613 F.Supp. 800, 817 (S.D.N.Y.) (citing *United States v. Cimino*, 31 F.R.D. 277, 279 (S.D.N.Y. 1962)).  Rather, Defendant makes only bald, conclusory assertions that she is requesting such particularization, without proffering any explanation as to why such information is necessary.  Greenman Affidavit ¶ 46.  As such, Defendant's particularization request simply is devoid of the specificity necessary to substantiate the requested particularization.  Moreover, given the nature of the charges pending against Defendant, *i.e.*, that Defendant, upon attempting to enter the United States at the Peace Bridge on April 20, 2005, failed to disclose to CBP agents that she was in possession of United States currency in excess of $ 10,000 as required by law, a plain reading of the Indictment establishes that it sufficiently informs Defendant of the nature of such charges, including the date and location of the incident, and the amount of undisclosed currency.  Any informational questions regarding this relatively straightforward, albeit somewhat unusual, scenario has been answered by the extensive voluntary discovery Defendant has received.  There is therefore no serious risk Defendant will be unfairly surprised at trial if the requested particularization is not formally provided.  Defendant thus does not need the requested information to prepare her defense

Accordingly, Defendant's request for a bill of particulars is DENIED.


**6.     Personnel Files of Government Agent Witnesses**

Defendant moves for an order directing the Government to search the personnel files and records of any government agent or police witnesses to determine whether any *Brady* or *Giglio* material exists which must be disclosed to Defendant or, alternatively, submitted to the court for *in camera* review.  Defendant's Motion ¶¶ 47-50. In support of such request, Defendant relies on *Kyles v. Whitley*, 514 U.S. 419 (1995), *United States v. Payne*, 63 F.3d 1200 (2d Cir. 1995), and *United States v. Kiszewski*, 877 F.2d 210 (2d Cir. 1989).  *Id.* ¶¶ 47-48.  In response, the Government concedes its obligation to review personnel files to determine whether any *Brady* or *Giglio* material exists which must be disclosed to Defendant.  Government's Response at 42.  As such, the Government has stated it intends to undertake such review and to provide Defendant with any such *Brady* or *Giglio* material discovered.  *Id.*  Accordingly, Defendant's request is DISMISSED as moot.

**7.    Rule 807 Evidence**

Defendant seeks disclosure of any hearsay statements falling within the residual exception under Fed.R.Evid. 807.  Greenman Affidavit ¶ 55.  The Government states that the only such statements within the Government's possession have already been provided to Defendant.  Government's Response ¶ 43.

Under Fed.R.Evid. 807, any statement that otherwise constitutes hearsay and which is not specifically exempted under Rules 803 and 804, but which nevertheless has "equivalent circumstantial guarantees of trustworthiness," is not excluded by the hearsay rule.  Such statements, however, may not be admitted under either Fed.R.Evid. 801(d)(2)(E) or 807 unless the defendant is given notice of such intended use prior to

trial.  Fed.R.Evid. 801(d)(2)(E) and 807.

Based on the Government's assertion that Defendant has already been provided with any hearsay statements falling within the hearsay rule's residual exception, such request is DISMISSED as moot.


**8.      Preservation of Evidence**

Defendant has requested the court directing the Government "to preserve and retain intact, and not to destroy, alter or 'misplace' any evidence, tangible papers, reports, law enforcement agent's notes, objects or other information leading in any way to the investigation which led to this indictment. . . ."  Greenman Affidavit ¶ 51. Although Defendant seeks preservation of such evidence, Defendant does not, at this time, seek disclosure of such information.  *Id*. ¶¶ 52-53.  The Government has not responded to this request.

Insofar as Defendant seeks an order directing the Government to preserve any handwritten notes, agents are not required to produce or preserve handwritten notes if such notes have been incorporated into final reports.  *United States v. Elusma*, 849 F.2d 76, 79 (2d Cir. 1988), *cert. denied*, 489 U.S. 1097 (1989); *United States v. Gotchis*, 803 F.2d 74, 78 (2d Cir. 1986) (no obligation on the government to preserve notes later reduced to formal reports).  Where the government has acknowledged a defendant's request for preservation of such notes, courts have refused to order agents to retain and preserve the notes.  *United States v. Maneti*, 781 F.Supp. 169, 187 (W.D.N.Y. 1991).  Nonetheless, preservation of handwritten notes has been ordered where there were no final reports written.   *See, e.g., United States v. Hoyos*, 1992 WL

14

51686 (N.D.Ill. 1992) (court granted defendant's motion for an order directing agents to retain and preserve all rough notes relating to case); *United States v. Taylor*, 707 F.Supp. 696, 707 (S.D.N.Y. 1989) (court directed the government to preserve original handwritten notes of interviews with potential witnesses).

In the instant case, based on the applicable caselaw, the court directs that the Government take steps to preserve any rough notes taken by law enforcement officials during the investigation of this matter that have not been incorporated into final written reports. The court will not, however, direct the preservation of any notes which have been incorporated into official records. *Elusma, supra,* at 79; *Gotchis, supra,* at 78.

As to Defendant's request that for an order directing the Government to preserve any evidence in its possession for trial, the Government is under a continuing duty to preserve discoverable evidence. *United States v. Grammatikos*, 633 F.2d 1013, 1019 (2d Cir. 1980). *See also United States v. Valone*, 1988 WL 59255 (W.D.N.Y. 1988) (Elfvin, J.) (motion to preserve evidence granted). Defendant's motion is GRANTED is part as to such request, and DENIED in part.

### 9.     Government's Request for Reciprocal Discovery

Pursuant to Fed.R.Crim.P. 16(b), the Government demands reciprocal discovery and inspection from Defendant, including permission to inspect and copy or photograph any books, papers, documents, photographs, tangible objects which are within Defendant's possession, custody or control and which Defendant intends to introduce as evidence in chief at trial. Government's Response ¶ 44 (a). The Government also seeks disclosure of all results or reports of physical or mental examinations, specific

tests or experiments related to the case, as well as written summaries of any expert witness testimony which Defendant intends to present at trial.  *Id.* ¶ 44(b).  Finally, the Government requests Defendant disclose a written summary of any witness testimony Defendant intends to use under Fed. R. Evid. 702, 703 and 705.  *Id*. ¶ 44(c).  Defendant has not responded to this request.  As the Government's motion is unopposed, to the extent that Defendant is in possession of the items covered by this request, the motion is GRANTED.

### <u>CONCLUSION</u>

Based on the foregoing, Defendant's motion (Doc. No. 14) is GRANTED in part, DENIED in part, and DISMISSED as moot in part.  The Government's motion for reciprocal discovery (Doc. No. 16) is GRANTED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      April <u>12</u>, 2007
            Buffalo, New York